[No. 7,445.—Department One.]

## SOUTHERN PACIFIC R. R. CO. *v.* SUPERIOR COURT OF KERN CO.

| 59 | 471 |
| 77 | 306 |
| 77 | 307 |
| 59 | 471 |
| 84 | 391 |
| 59b | 471 |
| 103 | 139 |
| 59b | 471 |
| 114 | 374 |
| 59b | 471 |
| d124 | 470 |

JUSTICE'S COURT—SERVICE OF SUMMONS.—The legal service of summons in a justice's Court includes, as a necessary part of such service, service of the complaint.

ID.—ID.—SPECIAL APPEARANCE—JURISDICTION.—Where the service of summons is defective, the justice's Court does not acquire jurisdiction to proceed against a defendant by reason of his special appearance for the purpose of moving to set aside the service.

ID.—APPEAL—STATEMENT.—Upon an appeal from a justice's Court, upon questions of law, where the alleged errors appear in the copy of the justice's docket, or in the copies of papers sent up by the justice as required by Sections 975, 977, of the Code of Civil Procedure, there is no necessity for a statement.

ID.—ID.—SERVICE OF SUMMONS—SPECIAL APPEARANCE—JURISDICTION—PROHIBITION.—In an action in a justice's Court the defendant—having been served with the summons, but not with a copy of the complaint—appeared specially for the purpose of moving to set aside the service; and—the motion having been granted, and judgment entered against the plaintiff, and an appeal taken—appeared specially in the Superior Court

for the purpose of moving to dismiss the appeal; but the Court, without disposing of the appeal, ordered the defendant to answer and proceed to trial.

*Held:* The Superior Court had jurisdiction only to affirm or reverse the judgment, and had no power to make the order in question.

PROHIBITION.—A writ of prohibition will not go from this Court unless the attention of the Court, whose proceedings are sought to be stayed, has been called to the alleged excess of jurisdiction.

APPLICATION for writ of prohibition.

*J. E. Foulds,* for Plaintiff.

The Justice's Court obtained no jurisdiction of the person of the defendant in the case of *Wells* v. *Southern Pacific Railroad Company,* for the reason that no copy of the complaint was attached to or served with the summons, and the action of the Justice in setting aside the service thereof, on motion of defendant, was proper. (§§ 849, 410, and 416, Code of Civ. Proc.; *McMillan* v. *Reynolds,* 11 Cal. 373; *Reynolds* v. *Page,* 35 id. 299; *People* v. *Bernal,* 43 id. 385.)

There being no jurisdiction acquired by the Justice of the Peace, it follows that the County Court of which the Superior Court of Kern County is the successor, could have no jurisdiction on an appeal from the decision of the Justice. The order of the Justice, setting aside the service of summons, was not an appealable order. (§§ 974, 577, 963, and 964, Code Civ. Proc.; *People ex rel. Jones* v. *County Court of El Dorado County,* 10 Cal. 19; *Funkenstein* v. *Elgutter,* 11 id. 328.)

The order of the Superior Court commanding defendant to answer in that Court and proceed to trial, was an usurpation of original jurisdiction. (*Townsend* v. *Brooks,* 5 Cal. 52.) The writ of prohibition is the proper remedy. (§ 1102, Code Civ. Proc.)

*R. E. Arick,* for Defendant.

In suits brought in the Superior Court, the law requires that a copy of the complaint must be served with the summons, but in the chapter of the Code of Civil Procedure regulating the manner of commencing actions in Justices' Courts, the law provides only for the service of the summons, and does not require a copy of the complaint to be served. (Title xi, Chapter ii, Code Civ. Proc.)

Section 849, Code of Civil Procedure, requires that the summons must be served in the manner prescribed in section 411.

The transcript of the Justice shows that the defendant, by its attorney, appeared, and moved the Court to set aside the service of summons, which was granted, and thereupon judgment was rendered against the plaintiff, which summarily disposed of his case. Admitting that it was proper to set aside the service of the summons, the plaintiff should have been granted the privilege of having another summons issued. (§ 847, C. C. P. )

It is claimed by petitioner that there had never been any trial of the cause in the Court below, and that we had no right to appeal.

There is certainly a judgment rendered against us, a sentence of the law pronounced by the court upon matter contained in the record, and any party dissatisfied with a judgment rendered in a Justice's Court may appeal, etc. (§ 974, Code Civ. Proc.)

McKINSTRY, J.:

Jurisdiction of the person of a sole defendant, in a Justice's Court, is obtained by service of the summons and copy of the complaint. (Code Civ. Proc., §§ 405, 416, 849.) Section 410 provides, that a copy of the complaint must be served with the summons, and that the summons must be returned, with a certificate or affidavit of its service and of the service of a copy-complaint. The legal service of summons (which gives jurisdiction of the person of defendant) includes, as a necessary part of such service, service of the complaint. The Justice, therefore, did not have jurisdiction over the person of the defendant in the action of *Wells* v. *The Southern Pacific Railroad Company.*

The Justice's Court did not secure jurisdiction to proceed against the defendant by reason of its special appearance for the purpose of moving to set aside the service. But a rendition of a judgment against the plaintiff did not follow, as a necessary consequence, from the order granting the motion to set aside the service. The plaintiff might, perhaps, have applied for an *alias* summons. Whether the Justice, under the circumstances, erred in entering judgment—the same being

entered for the reason that plaintiff failed or refused to prosecute his action, or for any other reason—was a question which the Superior Court had power to pass upon on appeal. Nor did a judgment against plaintiff necessarily follow from the order of the Justice denying plaintiff's motion for a default. If the judgment entered in the Justice's Court was erroneous, the Superior Court had power to reverse it, on the appeal of the party against whom the judgment went, or to affirm it.

We think the Superior Court was authorized to hear the appeal although "no statement of the case" was filed. Section 975 of the Code of Civil Procedure relates to "statements" containing "the grounds on which the party intends to rely upon the appeal, and so much of the evidence as may be necessary to explain the grounds;" cases in which a statement of evidence is necessary to point the exceptions of the appellant. Where the alleged errors appear in the copy of the Justice's docket, or in the copies of papers, sent up by the Justice as required by Sections 975, 977, there can be no necessity for, and the statute does not require, a statement; which, in such cases, could only recite what appears in the record. If, therefore, the Superior Court had reversed the judgment of the Justice's Court, we would have refused this writ, whether we agree with the former Court or not. So if the Superior Court had affirmed the judgment of the Justice's Court, not because such judgment would have been right, but because the Superior Court had jurisdiction to reverse or affirm it.

But it is obvious that the Superior Court could not make any order nor render any judgment which could affect the rights of the *defendant,* who had never been served with process, unless the defendant, by a general appearance, submitted itself to the jurisdiction. The defendant (petitioner here) appeared *specially* in the Superior Court to move a dismissal of the appeal. The Superior Court could not, and did not, entertain the appeal as an appeal "on questions of law and fact." When an appeal is taken on questions of law and fact, the action must be "tried anew" in the Superior Court, such trial to be conducted in all respects as if the action had been commenced originally in that Court. (Code Civ. Proc., §§ 976,

980.) It is obvious the issues of *fact* can not be tried *anew* in the Superior Court until after they have been *tried* in the Justice's Court. Considering the appeal as an appeal on questions of law alone, the Superior Court could not order a "new trial" (Code Civ. Proc., § 980), because as yet the action had not been "tried" at all, in the sense in which the word is used in connection with new trials. The Superior Court had jurisdiction therefore only to affirm or reverse the Justice's judgment.

From what has been said it follows that the Superior Court had no power to order the defendant there (petitioner here) "to file its answer to plaintiff's complaint in said Superior Court by October 9, 1880, at ten o'clock A. M., and that said cause thereafter proceed to trial upon an issue of fact thus to be formed." This for two reasons: 1. Because defendant had not been served with a process nor appeared—except specially—in the Justice's Court, and the appellate Court did not acquire jurisdiction of the person of the defendant through the *plaintiff's* appeal. 2. Because the appeal of plaintiff only gave jurisdiction to the Superior Court to affirm or reverse the Justice's judgment.

It has been repeatedly held here, however, that prohibition (a writ in its nature a prerogative writ) will not go from this Court, unless the attention of the Court whose proceedings are sought to be stayed has been called to the alleged excess of jurisdiction.

On the calling of the case in the Superior Court, respondent (defendant there, and petitioner in the present proceeding) moved *to dismiss the appeal* on the grounds: 1. That the judgment of the Justice's Court was not appealable. 2. That no statement on appeal had been settled or filed. 3. That no issue of fact had been made or tried in the Justice's Court. The motion was denied. But the Superior Court, instead of hearing the appeal or—if argument was waived—adjudging that the judgment of the Justice be affirmed or reversed, simply ordered the defendant to answer and proceed to the trial of an action wherein there stood, unreversed, a judgment against the plaintiff.

The petitioner has never pleaded to the jurisdiction of the

Superior Court, or in any form objected that the Court had no power to make the order compelling it to answer.

Doubtless, when petitioner shall (avoiding a general appearance to the merits) object in the Superior Court to its order, that Court will refrain from further proceedings, except to set aside the order made in excess of its jurisdiction, and to enter judgment affirming or reversing the judgment of the Justice of the Peace.

Writ denied and proceedings dismissed.

Ross, J., and Morrison, C. J., concurred.