[No. 11799. Department Two. — August 15, 1887.]

## J. B. FRASER, Respondent, *v.* OAKDALE LUMBER AND WATER COMPANY, Appellant.

Pleadings — Complaint — Immaterial Variance in Copy — Service of Summons. — The complaint, after setting forth several causes of action against the defendant for work and labor, alleged that the defendant was indebted to the plaintiff thereon "in the sums *hereinbefore* stated." In the copy of the complaint which was served on the defendant with a copy of the summons, the word "hereinbefore" was written "hereinafter." *Held*, on a motion to set aside the service of summons, that the variance was immaterial, and could not have misled the defendant, or affected its substantial rights.

Id. — Causes of Action for Work and Labor — Joinder of. — A cause of action for work and labor performed by the plaintiff for the defendant, and a cause of action for work and labor performed for the defendant by an assignor of the plaintiff, may be united in the same complaint.

Id. — Improperly Uniting Causes of Action in One Count — Demurrer. — An objection that several causes of action which might properly be united in the same complaint are improperly united in one count, cannot be taken advantage of by a demurrer, on the ground that the complaint does not state facts sufficient to constitute a cause of action, or that several causes of action are improperly united.

ID. — ASSIGNEE MAY SUE ON DAY OF ASSIGNMENT. — An assignee of a present existing cause of action may commence an action thereon on the same day that the assignment to him is made.

APPEAL from the judgment of the Superior Court of Tuolumne County.

The facts are stated in the opinion.

*W. E. Turner,* for Appellant.

*F. D. & G. W. Nicol,* for Respondent.

BELCHER, C. C. — In the complaint filed in this case there are set forth several distinct causes of action. The first is on account for work and labor alleged to have been performed by plaintiff for defendant at its special instance and request. The others are on account for work and labor alleged to have been performed by other parties for the defendant at its especial instance and request, and by such parties sold and transferred to the plaintiff.

After setting out these several causes of action and their assignment to the plaintiff, the complaint then proceeds: —

"Plaintiff, further complaining, alleges that he is now the owner and holder of all said accounts; that said defendant is now indebted to him thereon in the sums *hereinbefore* set forth; that defendant has refused and neglected, and still does refuse and neglect, to pay said amounts, or any part or portion thereof, although the same is due and payment thereof has been frequently demanded."

Then follows the prayer that plaintiff have judgment against the defendant "in the sum of $912.67 upon his account for work and labor, in the sum of $165.84 upon the said assigned claim of John Borteilho, in the sum of $315.40 upon the assigned claim of John Conlin," etc., "said sums aggregating the sum of $3,758.93, together with costs of suit."

Service of the summons was made upon the president of the defendant corporation.  In making the service the sheriff handed to the president a copy of the summons with a copy of the complaint in which the word "hereinbefore," as it appears in the clause before quoted, was written " hereinafter."

The defendant appeared specially, and moved the court to set aside the service of summons, on the ground that no copy of the complaint, as required by law, had ever been served upon the defendant; " that the paper purporting to be a copy of the complaint, and which was handed to defendant, was not and is not a copy of the complaint as filed in said cause."

The court denied the motion, and the defendant reserved an exception.

Thereupon the defendant demurred to the complaint upon the grounds,—1. That it did not state facts sufficient to constitute a cause of action; 2. That several causes of action were improperly united.

When the demurrer came on to be heard, counsel for defendant asked that it be considered only with reference to the copy of the complaint as served.  This request was refused, and an exception reserved.  The demurrer was then argued, submitted, and overruled.  The defendant was given time to answer, but neglected to do so, and thereupon, on motion, judgment was entered in favor of plaintiff.

1. We see nothing in the point that the court erred in not setting aside the service of summons.  The mistake in writing the word "hereinafter" for "hereinbefore" in the copy of the complaint was harmless and immaterial. It could in no way have misled the defendant, or have affected its substantial rights.  (Code Civ. Proc., sec. 475.)  If in the complaint filed the word had been entirely omitted, or had been written as in the copy, the sufficiency of the complaint could not for that reason have been questioned.  We agree, therefore, with the

court below that the copy was in all material respects a true and correct copy.

2. Nor do we see any error in the order overruling the demurrer. The complaint stated several causes of action, but they were such causes of action as may properly be united. (Code Civ. Proc., sec. 427.) They were separately stated, too, and not, as claimed, "all jumbled together" in one count. Besides, it is not made a ground of demurrer that two or more causes of action are improperly united in one count. (*Bernero* v. *S. B. & N. I. Co.*, 65 Cal. 386.)

3. Some of the claims were assigned to the plaintiff on the day the complaint was filed, and the point is made that the defendant had all that day to pay them, and the action was therefore prematurely commenced. There is nothing in this point. The claims were for labor performed for the defendant by the assignors "within two years last past." The claims appeared to be due, and each claimant had a present right to commence an action. By the assignments the plaintiff acquired all the rights of his assignors.

The judgment should be affirmed.

FOOTE, C., and HAYNE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is affirmed.