[Civ. No. 1849.   First Appellate District.—March 22, 1917.]

GEORGE W. McGINN, etc., Plaintiff, Appellant, and Respondent, v. MRS. HELEN REES, Defendant and Appellant; MARK REES, Defendant and Respondent.

SUMMONS—SERVICE OF COPY OF COMPLAINT—JURISDICTION.—Under the provisions of section 410 of the Code of Civil Procedure, the service of a copy of the complaint with the summons is essential to give the court jurisdiction.

ID.—VARIANCE BETWEEN COMPLAINT AND COPY SERVED—MINOR DIFFERENCES — DEFAULT JUDGMENT — JURISDICTION—VACATION OF JUDGMENT UNWARRANTED.—The setting aside of a default judgment for want of jurisdiction on the ground that the defendant was not served with a copy of the complaint on file in the action, as required by section 410 of the Code of Civil Procedure, is unwarranted, where there existed only minor differences between the complaint on file and the copy served, the most important of which was the omission from the copy of one of the names of the defendants contained in the filed complaint, and the summons served contained the omitted name.

ID.—REMEDY OF DEFENDANT.—Under such circumstances, if the defendant desired to test the sufficiency of the service, she should have appeared and by an appropriate motion raised the question, instead of waiting until judgment was taken against her and then claiming it was a nullity because of such differences.

ID.—SETTING ASIDE SERVICE OF SUMMONS—PREJUDICE OF SUBSTANTIAL RIGHTS.—A motion to set aside the service of a summons will be denied unless it is shown that the substantial rights of the defendant are affected.

ID.—AMENDMENT OF RETURN OF SUMMONS — SERVICE ON DEFENDANT SUED UNDER FICTITIOUS NAME — JUDGMENT.—Where a complaint names fictitious defendants, and process is served upon a person not named in either the complaint or summons, and default judgment is entered against the person so served, without amendment, it is the duty of the court to permit the plaintiff thereafter upon motion to amend the return of proof of service of summons so as to make it show that the person served was the person sued under the fictitious name.

ID.—DEFENDANT SUED UNDER FICTITIOUS NAME—JUDGMENT—FAILURE TO SUBSTITUTE TRUE NAME—IRREGULARITY—APPEAL.—Where a defendant is sued under a fictitious name and served with process, the failure to amend the complaint so as to state his true name, is but an irregularity for which the judgment against him may be reversed on appeal.

Id.—Foreclosure of Lien—Personal Judgment—Support by Prayer of Complaint.—In an action for the foreclosure of a mechanic's lien, the fact that the body of the complaint sought no personal judgment against the defendant is not fatal to such a judgment, where the prayer of the complaint demanded a judgment of this nature.

Id.—Motion to Amend Return of Summons—Grounds not Stated—Failure to Object—Appeal.—Where a motion to amend the return of summons fails to state the grounds upon which the motion was based, and no objection to the hearing of the motion is made on that ground, the objection cannot be made for the first time on appeal.

APPEALS from an order of the Superior Court of the City and County of San Francisco setting aside default from an order refusing an amendment to proof of service of summons, and from an order denying motion to set aside judgment. E. P. Mogan, Judge.

The facts are stated in the opinion of the court.

John T. Williams, and John D. Harloe, for Appellant and Respondent George W. McGinn.

Stafford & Stafford, for Respondent Mark Rees, and Appellant Mrs. Helen Rees.

THE COURT.—This is an action to foreclose a lien for street work. According to the caption of the complaint the action is against Helen Rees, John Doe Rees (her husband) and four fictitious defendants. Helen Rees, it is alleged in the complaint, is the owner of the property upon which the lien is claimed, and she alone entered into the contract with plaintiff for the performance of the street work. John Doe Rees is not alleged to be a fictitious defendant, but he and the four fictitious defendants, it is averred, claim some right or interest in the property, but which is subordinate to plaintiff's claim. In the prayer of the complaint judgment is demanded against the defendants for $377.75 with interest and costs, and for a foreclosure of plaintiff's lien. Summons was served on Helen Rees and Mark Rees, and a judgment by default for the amount demanded was entered against said defendants and the requested decree granted. Within about three months after the entry of the judgment each of the

above-named defendants, specially appearing for that pur-
pose, moved the court to set aside the judgment.   Such motion
was made, not under the provisions of section 473 of the Code
of Civil Procedure, but upon the ground that the court was
wholly without jurisdiction to enter the same.   The plaintiff
also upon due notice requested permission to amend the proof
of service of summons on Mark Rees.   The court refused to
grant the motion to set aside the judgment against Helen
Rees, and refused to permit the plaintiff to amend the return
of summons, but granted the motion to vacate the judgment
as to Mark Rees.

The plaintiff and defendants respectively prosecute appeals
from these orders.   These appeals are all embraced in one
record, and will be considered together.

Several of the points made in their briefs by Helen and
Mark Rees could be considered only upon an appeal from the
judgment or upon a motion made under the terms of section
473 of the Code of Civil Procedure, and not upon the motions
giving rise to these appeals, which simply test the question of
the jurisdiction of the court.

The ground upon which Helen Rees relies for a reversal of
the order denying her motion to vacate the judgment against
her is that in effect she was not served with a copy of the com-
plaint on file in the action as required by section 410 of the
Code of Civil Procedure.

A copy of the complaint must be served with the summons.
(*Southern Pac. R. R. Co.* v. *Superior Court,* 59 Cal. 471.)
That case was approved in *State* v. *Harrington,* 31 Mont. 298,
[78 Pac. 485], where the court held that when a summons was
served without a copy of the complaint the court was without
jurisdiction.   In the present case there were a number of
trivial differences between the complaint on file and the one
served, the most important of which was the omission from
the latter of one of the names of the defendants contained in
the former, but as the summons served on Helen Rees with
the copy of the complaint contained the omitted name we take
the view that there was not such a failure to comply with the
terms of section 410 as would result in a lack of jurisdiction
in the court of the person of said defendant.   If she had
desired to test the sufficiency of the service she could have
appeared and by an appropriate motion had that question set-
tled at once.   (*Arroyo Ditch etc. Co.* v. *Superior Court,* 92

Cal. 47, 52, [27 Am. St. Rep. 91, 28 Pac. 54].)    We think she could not wait until judgment was taken against her, and then claim that it was a nullity because of minor differences between the complaint filed and the copy served upon her. (*Brum* v. *Ivins,* 154 Cal. 17, [129 Am. St. Rep. 137, 96 Pac. 876]; *Drake* v. *Duvenick,* 45 Cal. 455.)    And even on a motion to set aside the service of summons, unless her substantial rights were affected—which does not appear to be the case here—such a motion would be denied.    (*Fraser* v. *Oakdale L. & W. Co.,* 73 Cal. 187, [14 Pac. 829].)

As to the appeal by Mark Rees, it appears from the return that the summons with a copy of the complaint was served on this defendant, but that the name of Mark Rees did not appear in the complaint or summons.    In this state of the record, without any amendment thereof, plaintiff took by default a decree of foreclosure and a judgment for $377.75, with interest and costs, not only against Helen Rees, but also against Mark Rees.    On the hearing of the motion made by Mark Rees to vacate the judgment against him he made no showing or claim that he was not served with summons, or that he was not the person intended to be sued by the name John Doe Rees.    He depended—or in any event, according to the motion and the grounds thereof, was compelled to depend —on the point that from the face of the record it would not be presumed that John Doe Rees and Mark Rees were the same person, and, therefore, the action appearing to be against John Doe Rees, the court was without jurisdiction to render a judgment against Mark Rees.

If it appeared from the face of the record, as contended, that one person was served, and a judgment was obtained against a stranger to the action, although served with summons, it would no doubt be held that the court was without jurisdiction of the person so served, and that such judgment might be annulled at any time upon motion.    But that is not this case, for here, although it is not so alleged, it would seem to appear from the name itself that John Doe Rees was a fictitious defendant, and this inference is strengthened by the fact that John Doe Rees in the complaint, and Mark Rees in the judgment, are referred to as the husband of the defendant Helen Rees.    But however that may be, prior to the hearing of the motion to set aside the default of Mark Rees, the plaintiff had moved the court for permission to amend the re-

turn of proof of service of summons so as to make it show that Mark Rees was the person sued as John Doe Rees, and that Mark Rees was in fact served with summons. This proposed amendment was in conformity with the facts; it was in support of the judgment and in our opinion it ought to have been granted. (*Morrissey* v. *Gray,* 160 Cal. 390, [117 Pac. 438]; *Herman* v. *Santee,* 103 Cal. 519, [42 Am. St. Rep. 145, 37 Pac. 509].) With the return amended as proposed the record would then have shown that Mark Rees was the person referred to and intended to be described in the complaint by the name of John Doe Rees, in which event the judgment could not be regarded as void on its face, and consequently subject to be set aside at any time on motion.

Perhaps, as suggested, if the plaintiff desired to obtain judgment against Mark Rees, the complaint should have been amended by substituting his true name for that by which he had been sued; but failure in this respect amounted to no more than an irregularity, for which the judgment might have been reversed on appeal. (*McKinley* v. *Tuttle,* 42 Cal. 570; *Alameda County* v. *Crocker,* 125 Cal. 101, 104, [57 Pac. 766].) The court had jurisdiction of the subject matter, and when Mark Rees was served as a defendant sued by the name of John Doe Rees, which appears to be the fact, the court acquired jurisdiction of his person. (*Campbell* v. *Adams,* 50 Cal. 203; *Baldwin* v. *Morgan,* 50 Cal. 585.)

While it is true that in the body of the complaint no personal judgment was sought against Mark Rees, nevertheless the judgment, although of that nature, is not void, for the reason that the prayer of the complaint demanded a personal judgment against him for the amount of the contract price of the work performed together with the incidental costs. If there had been no such demand, the judgment here entered might be regarded as subject to the attack now made upon it, but there is a conflict of the authorities upon that question. (*Chase* v. *Christianson,* 41 Cal. 253; *George* v. *Nowlan,* 38 Or. 541, [64 Pac. 1]; *Sache* v. *Wallace,* 101 Minn. 169, [118 Am. St. Rep. 612, 11 Ann. Cas. 348, 11 L. R. A. (N. S.) 807, and notes, 112 N. W. 386]; *Murdock* v. *De Vries,* 37 Cal. 527; *Brooks* v. *Forington,* 117 Cal. 219, [48 Pac. 1073].)

Plaintiff's motion to amend his return fails to state the grounds upon which it was based. It does not appear that the defendant objected to the hearing of the motion on that

ground, and apparently the objection is here made for the first time, for which reason we cannot entertain it.

For the foregoing reasons the judgment against defendant Helen Rees is affirmed, and the orders refusing plaintiff permission to amend his return of summons and opening the default of defendant Mark Rees are reversed.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 21, 1917.