FOX, P. J.
 

 This is an appeal by plaintiff for an order quashing service of process on defendant.
 

 On February 14, 1961, plaintiff filed an action for separate maintenance against her husband, and summons was duly issued. The court also issued an order to show cause re attorney’s fees, court costs, alimony
 
 pendente lite
 
 and a temporary restraining order. The order to show cause was set for hearing on February 23 at 9 a. m. in the West Regional Department (Santa Monica) of the Superior Court. This hearing was
 
 *383
 
 continued by court order to March 3 at the same hour. On February 28 defendant made a special appearance and filed a notice of motion to quash the service of summons “upon the grounds that the court lacks jurisdiction over the defendant . . .” and stated that said motion “will be based upon the provisions of the California Code of Civil Procedure, Section 216.1
 
 [sic]
 
 [Code Civ. Proc., § 416.1], . . .” In support of said motion defendant filed his affidavit, stating,
 
 inter alia:
 
 “Affiant was not shown as a part of the purported service herein of
 
 [sic]
 
 any original Summons; that the copy of the Summons delivered to affiant is incomplete in that certain material portions thereof have not been filled in; that said copy is attached hereto and made a part hereof and incorporated herein by this reference; that on its face, said Summons is fatally defective in that it shows no number, no date and shows no facts of issuance, such as signature, seal, etc.; that said purported copy of Summons is the copy received by affiant from the process server on February 14, 1961, and no other copy has ever been received by affiant. ’ ’
 

 At the hearing on defendant’s motion to quash, the process server Carlin testified that at 5 :57 p. m. on the 14th day of February, 1961, he served the defendant by personally handing to him at 345 South Elm Drive, Beverly Hills, the following documents in this case: copy of (a) order to show cause and restraining order together with copy of Wife’s Questionnaire or Declaration and blank form of Husband’s Questionnaire on order to show cause and points and authorities; (b) summons; (c) complaint for separate maintenance; and (d) certificate of assignment and transfer. According to Carlin’s testimony, all these papers were stapled together as one package with the order to show cause on top. The original of all of these documents appears to be complete and the copies made to conform except that the copy of the summons does not contain (1) the number of the case and the department to which it has been assigned; (2) the date of its issuance; and (3) the name of the county clerk’s deputy who issued it.
 

 With respect to the service of these papers on him, defendant states in his affidavit: “that at 5:45 p.m. [on February 14, 1961] . . . there was a knock on the door [where the parties then resided in Beverly Hills] and on opening same, affiant was given purported copies of pleadings in the within case. ...” Defendant then states: “In reviewing the pleading it became obvious to affiant from the face thereof that said pleading had been prepared prior to said date; that among
 
 *384
 
 other things the bank balance alleged in said pleadings was a bank balance of over a week prior to the date the pleadings bore [February 14, 1961]. ...” Finally, on this point, defendant says: “. . . [t]hat the copy of the Summons delivered to affiant is incomplete. . . . That said purported copy of Summons is the copy received by affiant from the process server on February 14, 1961. ...” (See quotation from defendant’s affidavit,
 
 supra.)
 
 Examination of the complaint reveals that it does not contain any reference to any bank balance. The only reference to any bank balance is found in the wife’s declaration for order to show cause and for restraining order.
 
 *
 
 It is there stated: “Cash in Security-First National Bank $1200.” From the foregoing it is apparent that defendant received the order to show cause and restraining order and plaintiff’s declaration as one of the papers or “pleadings” served upon him on the evening of February 14, 1961.
 

 On February 20, 1961, six days after the papers in this case were served on defendant, he filed an action for divorce in the Superior Court of Cook County, Illinois. He attached to his complaint, as Exhibit A, copies of the following papers from this case: (a) summons; (b) complaint for separate maintenance ; and (c) certificate for assignment and transfer. In his complaint for divorce in Chicago, he recites that his wife has “filed a proceeding for separate maintenance” in the Superior Court of Los Angeles County, California, “Case No. WE D 1599.” The letters “WE D” indicate that the action was entitled to be transferred under the rules of the court to the West Regional Department of the Superior Court of Los Angeles County based upon plaintiff’s sworn statement that she “resided within the territorial jurisdiction of said department, to wit: 345 South Elm Drive, Beverly Hills, California. ’ ’ This information was contained in the copy of the certificate for assignment and transfer which- was a part of Exhibit A to Hershenson’s complaint for divorce in Chicago.
 

 Defendant bases his contention that the court “lacks jurisdiction” over him on the theory that the “Summons is fatally defective” in that the copy of the summons that was delivered to him does not contain (1) the number of the case and the department to which it has been assigned; (2) the date of its
 
 *385
 
 issuance; and (3) the name of the county clerk’s deputy who issued it.
 

 Errors or omissions in conforming a copy of a summons to the original do not justify quashing service unless the party served has been misled or his substantial rights affected.
 
 (McGinn
 
 v.
 
 Rees,
 
 33 Cal.App. 291, 294 [165 P. 52];
 
 Fraser
 
 v.
 
 Oakdale Lumber etc. Co.,
 
 73 Cal. 187, 189 [14 P. 829];
 
 Washington County
 
 v.
 
 Blount,
 
 224 N.C. 438 [31 S.E.2d 374].) In the case last cited (31 S.E.2d at p. 375) the court, in passing on a question substantially the same as the one here presented, stated: “Where the statute requires service of summons by delivery of a copy of the original writ to the defendant, such copy should, as a matter of course, conform exactly to the original, but frequently errors and omissions occur in the preparation of copies and it becomes necessary for the court to determine the effect of particular clerical errors and omissions. In such eases it seems to be the general rule to disregard a clerical error or an omission where the party served has not been misled. Clerical errors or omissions in the copy of a summons delivered to a defendant will not affect the jurisdiction of the court, when they consist of mere irregularities, such as the ‘want of the signature of the officer who issued it, the omission of the date of summons, or the failure to endorse thereon the date and place of service, ’ 50 C.J. See. 79, p. 484; . . .”
 

 It is apparent that all the data omitted from the copy of the summons is routine information and consists of mere irregularities which in no way misled or affected the substantial rights of the defendant. The number of the case is primarily for the convenience of the court. The department to which the case was assigned was adequately referred to by the certificate of assignment showing that it was transferred “to the West Regional Department of the Superior Court of Los Angeles County” based upon the plaintiff’s sworn statement that she “resides within the territorial jurisdiction of said department, to wit: 345 South Elm Drive, Beverly Hills, California.” This is the place where the parties had been living and where defendant was served on the evening of February 14, 1961.
 

 The omission of the date on the copy of the summons does not in any way prejudice the defendant. The important thing is that he was commanded to appear within a certain number of days after service of summons upon him. The omission of the name of the deputy clerk who signed the original summons
 
 *386
 
 is merely an informality which could not possibly prejudice the defendant’s rights or in any way mislead him. Defendant, who is an attorney both in Illinois and California, has seized upon minutiae and has attempted to inflate their importance as a basis for avoiding the jurisdiction of the California courts in this domestic controversy but he has failed to make any showing that the omissions in the copy of the summons in any way either misled him or affected his substantial rights. In fact, he demonstrates that neither was he misled nor were his substantial rights prejudiced since six days (two of which were noncourt days) after service of the papers on him on the evening of February 14, he was able
 
 to
 
 advise the Superior Court in Chicago that his wife had sued him for separate maintenance in California, that the case was transferred to the Santa Monica Department (WE D) of the court, and that he claimed this court had no jurisdiction over him.
 

 Since it appears from the record that defendant’s motion to quash was granted on the ground that the service of process was invalid, it is unnecessary to consider other arguments in the briefs.
 

 Plaintiff has attempted to appeal from an order denying her motion to vacate the court’s prior order quashing service of process which is here under review. Since the order quashing service of process is an appealable order, it follows that no appeal lies from the trial court’s order denying her motion to vacate. (3 Witkin, Cal. Procedure, § 26, pp. 2170-2171.) Therefore the purported appeal from the order denying motion to vacate must be dismissed.
 

 The order quashing service of process is reversed.
 

 The purported appeal from the order denying the motion to vacate is dismissed.
 

 Ashburn, J., and Herndon, J., concurred.
 

 Respondent’s petition for a hearing by the Supreme Court was denied August 29, 1962.
 

 *
 

 This declaration begins on the reverse side of the page on which the aforesaid orders appear and consists of three additional pages. In the manufacturing process these four pages constitute physically one piece of paper.