Filed 9/20/16  Olson v. Roberts CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| LANCE OLSON et al., <br><br> Plaintiffs and Respondents, <br><br> v. <br><br> ROY ROBERTS, <br><br> Defendant and Appellant; | F071009 <br><br> (Super. Ct. No. MCV043141) <br><br><br> **OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Madera County.  James Oakley, Judge.

Roy Roberts, in pro. per., for Defendant and Appellant.

Law Offices of Guy R. Bayley and Guy R. Bayley for Plaintiffs and Respondents.

-ooOoo-

Appellant challenges a default judgment entered against him in a personal injury action filed in 1995.  He contends the trial court never obtained personal jurisdiction over him because the initial service of the lawsuit failed to comply with the statute governing personal service.  That statute, Code of Civil Procedure section 415.10,[1] provides:  "A summons may be served by personal delivery of a copy of the summons *and of the*

---

[1]     All unlabeled statutory references are to the Code of Civil Procedure.

*complaint* to the person to be served." Here, the proof of service filed with the court shows that only the summons was personally delivered. It does not state that the complaint was delivered and, thus, fails to show proper service under section 415.10.

We conclude that this defect in the personal service of the summons and complaint prevented the trial court from acquiring personal jurisdiction over appellant and, thus, renders the judgment void. (*Rochin v. Pat Johnson Manufacturing Co.* (1998) 67 Cal.App.4th 1228, 1239 (*Rochin*).) When the lack of personal jurisdiction appears on the face of the record, it may be raised at any time. (*Ibid.*) Consequently, we conclude appellant's motion to vacate the default judgment should have been granted because the judgment was void for lack of personal jurisdiction.

We therefore reverse the orders denying appellant's challenges to the default judgment and its renewal.

### FACTS AND PROCEEDINGS

*The Incident*

Plaintiff Lance Olson's personal injury complaint alleges that an incident occurred on August 18, 1995, at 16340 Golden State Boulevard, Madera, California. On that date, Olson alleges that he and defendant Roy Roberts "were in front of [Roberts's] home. [Roberts] entered his home and returned outside with a semi automatic pistol in his possession. [Roberts] carelessly and without regard to [Olson's] safety handled the pistol in a manner causing it to discharge with the bullet st[r]iking [Olson] in the chest."

*The Lawsuit & Default*

On September 19, 1995, Olson filed a personal injury complaint against Roberts, alleging negligence and the intentional torts of assault and battery. Olson requested compensatory damages according to proof for lost wages, medical expenses, loss of earning capacity, and general damages.

2.

The day after Olson's complaint was filed, the court prepared and filed a notice of case management conference to be held on January 18, 1996. The court mailed the notice to Olson's lawyer with directions to notify the defendant of the conference.

In October 1995, the summons and related proof of service were filed with the court. The proof of service stated that the summons had been personally served on Roberts by delivery at his home on September 28, 1995, at 3:40 p.m. The proof of service identified the address where service took place as "Rd 26, Madera, CA."[2] The proof of service form contained boxes for identifying the documents delivered. Only the "summons" box was checked. The "complaint" box was not checked.

Roberts challenges the proof of service. He asserted that he was not served with the summons and complaint, he never lived on Road 26, and he has lived at 16304 Golden State Boulevard since 1965. Roberts also asserts that he first learned of the lawsuit on or around September 22, 1995, when Mike Belton, a witness to the incident, told him that Olson had said he was filing a lawsuit against Roberts.

On January 3, 1996, Olson filed a request for entry of default that stated Olson was requesting a court judgment (which required an affidavit, or testimony and a hearing date), not a clerk's judgment. The request listed $300,000 in general damages and $182 in costs and stated that it had been mailed to Roberts at 16340 Golden State Boulevard, Madera, California. The clerk entered the default on the same day it was filed.

On January 18, 1996, a case management conference was held by the trial court. Neither Olson nor his attorney showed up for the conference, but Roberts appeared in

---

**2**    The proper address for Roberts is discussed at length in the appellate briefs, particularly in connection with service of Olson's requests for default and his statements of damages. This appeal is decided on a ground that does not touch upon the disputes relating to Roberts's address or addresses. Consequently, many of the details related to the dispute and the trial court's implied findings about Roberts's addresses are not set forth in this opinion.

Department 1.[3]  The court informed Roberts that a default already had been entered against him.  Roberts asserts that (1) he tried to explain to the court that he did not know about Olson's complaint because he had not been served with anything and (2) the court told him there was nothing he could do at this point as the default had been taken.  Handwritten in the appearances section of the minute order from the case management conference are "Roy Roberts, Pro Per" along with "NO APPEARANCE" and "Default taken."[4]

### *The Statement of Damages*

On October 21, 1998, a proof of service for Olson's statement of damages was filed with the trial court.  The proof of service stated Roberts was personally served with a copy of the statement of damages on September 28, 1998, at 2:15 p.m. at "16300 HYW. 99" in Madera and described this location as "Home."  The statement of damages was dated September 20, 1998, and declared that Olson was seeking general damages of $300,000 for pain, suffering and inconvenience.

On February 12, 1999, Olson, acting in propria persona, filed a copy of the statement of damages and a declaration in support of entry of judgment by default.  Four days later, Olson filed an amended request for entry of default and court judgment that asked for a judgment of $300,182.  The default was not entered by the court because no substitution of attorney had been filed.

On March 12, 1999, Olson filed a substitution of attorney, replacing Steven A. Geringer with himself.  Three days later, Olson filed another request for entry of default and court judgment.  The default was entered and the court signed and filed a judgment by default by court (ex parte by declaration) for a total sum of $300,182.  An abstract of

---

[3]      Roberts states that he found out about the conference when he went to the court after Mike Belton told him that Olson was filing a lawsuit against him.

[4]      We interpret these entries to mean that the court did not consider Roberts's physical presence in the courtroom as a voluntary submission to personal jurisdiction.

judgment was prepared and recorded with the Madera County recorder on April 1, 1999, as document number 9909729.

*Enforcement Activity: 2000-2013*

An effort to enforce the judgment was made in 2000, but the examination of judgment debtor was not completed. In 2008, the judgment was renewed. The trial court's register of action shows no documents were filed from August 2008 through April 2012.

From April 2012 through July 2013, two more attorneys substituted in and out as Olson's counsel in the case. Writs of execution on the money judgment were issued by the clerk of court in May 2012 and July 2013.

*2014 Proceedings*

In February 2014, Guy R. Bayley substituted into the case as Olson's attorney. A few days later, Olson filed an acknowledgment of assignment of judgment stating that he transferred and assigned all title rights and interest in the judgment to Moorpark Recovery Service LLC.[5] About a week later, Bayley obtained a writ of execution from the clerk of court stating the total amount of the judgment was $579,951.44 and the daily interest was $158.88.

Roberts responded to these collection efforts by filing a motion to quash or stay the writ of execution and notice of levy. Roberts's motion stated that he felt "I am entitled to claim the Homestead Exemption, the granting of which will cause the [judgment creditor's] Writ and Notice of Levy to become nonexecutionable." The judgment creditor opposed Roberts's motion. At a May 13, 2014, hearing, the trial court temporarily granted the stay, scheduled further briefing by the parties, and set a mandatory settlement conference.

---

**5** For the remainder of this opinion, Olson and his assignee are referred to collectively as the judgment creditor. A reassignment of judgment was filed to show that Barry R. Goldman transferred any rights he held in the judgment back to Olson.

In July 2014, Roberts filed motions to vacate the renewal of judgment and to extinguish judgment liens. The judgment creditor opposed the motions. On July 18, 2014, a hearing was held. The minute order stated that a stay was issued and, therefore, "no sale will occur while the Stay is in place." The minute order also stated, "All issues are still open." The matter was continued until August 29, 2014, for (1) a review of the stay, (2) Roberts's motion to quash the writ of execution and notice of levy, and (3) Roberts's motion to vacate the renewal of judgment.

In August, Roberts filed a motion to set aside default and default judgment, which judgment creditor opposed. Roberts asserted that the default, the judgment, or both were void. He cited subdivision (d) of section 473 as granting authority to provide relief from void judgments and also referred to the court's inherent power to set aside a judgment that is void on its face. At the August 29, 2014, hearing, the court denied the motion to set aside the default judgment, set a schedule for further briefing of the homestead issue, and continued the pending matters until December 5, 2014, when an evidentiary hearing would be held. The evidentiary hearing was intended to address the applicability of the homestead exception to any or all of the three lots under levy.

On December 5, 2014, after conducting the evidentiary hearing, the court denied Roberts's motion to set aside the renewal of judgment and found the homestead exemption applied. Within two weeks, the trial court filed an order denying the motion to vacate the renewal and an order granting a stay on the writ sale.

In January 2015, Roberts filed a notice of appeal from the order denying his motion to vacate renewal of judgment and his motion to extinguish lien.

**DISCUSSION**

I.      VOID JUDGMENTS

Roberts contends that the default judgment is void on its face and, therefore, may be challenged at any time.

6.

A.      General Principles of Law

1.      *Effect of Void Judgments*

A void judgment is a nullity and has no legal effect.  (*Tearlach Resources Limited v. Western States Internat., Inc.* (2013) 219 Cal.App.4th 773, 779; *Moore v. Kaufman* (2010) 189 Cal.App.4th 604, 616.)  In itself, a void judgment is worthless because no rights can be obtained from it and no rights are divested by it.  (*Moore v. Kaufman, supra,* at p. 616.)  Thus, a failure to challenge a void judgment by motion or appeal does not validate it or give it preclusive effect under the doctrine of res judicata.  (*Rochin*, *supra*, 67 Cal.App.4th at p. 1239.)

2.      *Void on the Face of the Record*

California law distinguishes between judgments that are void on the face of the record and those that appear to be valid on their face.  (8 Witkin, Cal. Procedure (5th ed. 2008) Attack on Judgment, §§ 207 [void on its face], 208, 209 [judgment valid on its face], pp. 812-816; 3 Wegner et al., Cal. Practice Guide: Civil Trial and Evidence (The Rutter Group 2015) ¶¶ 18:509, 18:510, p. 18-138.)  The distinction serves two procedural functions.  First, it is used to identify which procedural mechanisms are available to attack the judgment.  (See generally, 8 Witkin, *supra*, § 1, pp. 583-584 [distinction between direct and collateral attacks].)  This function is not relevant to the present appeal because Roberts has challenged the judgment by filing a motion in the original lawsuit, which is an authorized form of direct attack.  (See 8 Witkin, *supra*, §§ 2, 3, pp. 584-586 [direct attacks include motions in original action and appeals].)  As a result, there is no claim that Roberts is pursuing an improper collateral attack and we need not employ the distinction to resolve such a claim.

Second, the distinction between judgments that are void on the face of the record and judgments that are void but appear valid on the face of the record affects (1) how the challenging party proves the judgment is void and (2) how trial and appellate courts analyze the voidness claim.  When the judgment is void on the face of the record, the

7.

challenger need present only those portions of the record that establish the invalidity. In contrast, when the judgment appears valid on the face of the record, the challenger must present extrinsic evidence addressing the basic historical facts of who, what, when, where and how that are relevant to establishing the particular ground that renders the judgment void. It follows that when a trial court is presented with conflicting extrinsic evidence about the relevant historical facts, the court must act as a trier of fact and make findings to resolve any factual disputes.

In the present case, we must determine whether the judgment is void on the face of the record because that determination will affect (1) what Roberts must present to establish his claim that the judgment is void, (2) the steps required of the trial court to resolve Roberts's claim, and (3) whether we are reviewing factual findings for substantial evidence or conducting an independent review of determinations made as a matter of law. A trial court's determination whether a judgment is void on its face is subject to independent review. (*Ramos v. Homeward Residential, Inc.* (2014) 223 Cal.App.4th 1434, 1440.) When the trial court considers conflicting evidence outside the face of the record and resolves disputed issues of fact, the court's finding (express or implied) is subject to review for substantial evidence. (*Falahati v. Kondo* (2005) 127 Cal.App.4th 823, 828.)

### 3. *Grounds That Render a Judgment Void*

A judgment is void if the court rendering it (1) lacked subject matter jurisdiction, (2) lacked jurisdiction over the parties, or (3) granted relief it had no power to grant.[6] (*Carlson v. Eassa* (1997) 54 Cal.App.4th 684, 691-692.) In the instant case, Roberts

---

[6] This third category is illustrated by the cases in which the court enters a default judgment awarding damages that exceeds the amount demanded in the complaint or statement of damages. "It is a settled rule … that a default judgment by the court that exceeds the demand … is void as in excess of the court's jurisdiction." (*Burtnett v. King* (1949) 33 Cal.2d 805, 808.)

contends the default judgment was void on the second ground—namely, the court never obtained personal jurisdiction over him.

A lack of jurisdiction of the person (and the resulting voidness of the judgment) occurs where there was no proper service of process or appearance. (8 Witkin, Cal. Procedure, *supra*, Attack on Judgment, § 224 [void judgment], pp. 831-832; see *Carr v. Kamins* (2007) 151 Cal.App.4th 929, 937 [trial court abused discretion in denying motion to vacate the judgment; service by publication was ineffective as to appellant].) "[F]ulfilling the statutory requirements of service of process—i.e., service of a summons—is necessary to obtain personal jurisdiction over a party." (*Renoir v. Redstar Corp.* (2004) 123 Cal.App.4th 1145, 1150 [trial court lacked jurisdiction over debtor because creditor failed to serve summons].) Consequently, a default judgment entered against a defendant who was not served with a summons in the manner prescribed by statute is void. (*Sakaguchi v. Sakaguchi* (2009) 173 Cal.App.4th 852, 858.)

### 4. Proper Service and the Face of the Record

Courts sometimes are able to determine a judgment is void *for lack of proper service of process* based on the face of the record. For example, in *Renoir v. Redstar Corp.*, *supra*, 123 Cal.App.4th 1145, the court stated that the "record does not reflect that a summons was issued in connection with the petition" to enter a California judgment on a French judgment. (*Id*. at p. 1148.) In that case, the French judgment creditor argued that no summons was required to enforce the foreign judgment in California. (*Id*. at p. 1150.) The court disagreed with that interpretation of California law and concluded a summons was required. As the record did not contain a summons and there was no assertion or presentation of evidence that a summons actually had been issued and served, the appellate court decided the question of improper service on the face of the record.

In contrast, sometimes a court may lack personal jurisdiction over the defendant, the action will proceed to judgment, and the invalidity of the judgment does not appear

on the face of the record.  (8 Witkin, Cal. Procedure, *supra*, Attack on Judgment, § 208 [judgment valid on its face, but no jurisdiction of the person], pp. 813-814.)  These situations often involve disputes about whether there was proper service of the complaint or other documents.  Where such disputes cannot be resolved from the face of the court's record, (1) the challenging party needs to present extrinsic evidence relating to the basic historical facts of who, what, when, where and how and (2) the trial court must resolve any factual disputes that are relevant to proper service.

> B.     Robert's Claim of Improper Service

>> 1.     *Roberts's Contentions*

Roberts contends he "was never properly served with the summons and complaint, and the court never acquired personal jurisdiction over [him]."  Roberts raises two defects in the service.  First, he points out that the proof of service refers only to a summons and does not state the complaint was delivered.  Roberts argues that "[t]here is no indication on this proof of service why Olson's complaint was not delivered with the summons." [7] Second, Roberts refers to the proof of service's statement that service was made at "RD 26."  Roberts argues this address was not then, nor was it ever, his home.  Based on these two alleged defects, Roberts contends "the proof service itself demonstrates that [he] was never properly served."

---

[7]     The papers filed by Roberts in the trial court asserting a lack of personal jurisdiction because of improper service of the summons did not explicitly identify the failure to include the complaint as a defect in the service.  Furthermore, Roberts did not designate any reporter's transcripts so the appellate record does not show he orally presented the argument during a hearing on one of his motions.  Had Roberts presented the argument to the trial court, he might have prevailed and this appeal would not have been necessary.  We consider the argument pursuant to our discretion to consider a theory presented for the first time on appeal when that theory involves only a legal question determinable from the uncontroverted facts and those facts could not have been altered by the presentation of additional evidence (*County of Kern v. T.C.E.F., Inc.* (2016) 246 Cal.App.4th 301, 326), which is the case when a defect appears on the face of the record.

### 2. *Judgment Creditor's Contentions*

The judgment creditor contends that Roberts's "argument that the Judgment is void on its face is practically unintelligible. Both Proofs of Service submitted in support [of] the Judgment, that of the Summons on September 2[8], 1995 (CT p. 21) and of the Statement of Damages on September 28, [199]8 (CT p. 28), both state these documents were served personally." The judgment creditor also contends that Roberts "completely fails to identify any *bona fide* defect."

Notwithstanding Roberts's specific reference to the failure to include a copy of the complaint with the summons, the judgment creditor does not directly address the omission of the complaint from the documents that the proof of service states were personally delivered to Roberts. Instead, the judgment creditor simply states that Roberts "had been personally served with the Summons on September 28, 1995 (CT p. 21) and a Statement of Damages on September 28, 1998, (CT p. 28)."

### 3. *Rules of Law Governing Personal Service of Process*

Section 410.50, subdivision (a) provides that "the court in which an action is pending has jurisdiction over a party from the time summons is served on him as provided by Chapter 4 (commencing with Section 413.10)." Section 413.10, subdivision (a) states that, except as otherwise provided by statute, a summons shall be served on a person within California "as provided in this chapter." The relevant chapter of the Code of Civil Procedure is codified as sections 415.10 through 415.95.

Section 415.10 addresses service by *personal delivery* of documents and provides in full:

> "A summons may be served by personal delivery of a copy of the summons *and of the complaint* to the person to be served. Service of a summons in this manner is deemed complete at the time of such delivery. [¶] The date upon which personal delivery is made shall be entered on or affixed to the face of the copy of the summons at the time of its delivery. However, service of a summons without such date shall be valid and effective." (Italics added.)

11.

This statutory text clearly requires the delivery of both the summons and the complaint when service is accomplished by the personal delivery of documents. The reference to a copy of the complaint is not mere surplusage, but an actual requirement of long standing. (See *McGinn v. Rees* (1917) 33 Cal.App. 291, 293 ["copy of the complaint must be served with the summons"]; *S. P. R. R. Co. v. Superior Court of Kern* (1881) 59 Cal. 471, 473 [jurisdiction of the person is obtained by service of the summons and copy of the complaint].) A practice guide has described the personal delivery type of service as follows: "Delivering copies of the summons and complaint to defendant personally constitutes 'personal service' of summons. [CCP §415.10]" (1 Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2015) ¶ 4:184, p. 4-28 (*Weil & Brown*).) It also states: "Various papers must be served on the defendant together with copies of the summons *and complaint*," such as an ADR information package. (*Id*., ¶ 4:45, p. 4-6, italics added.)

As to the contents of the proof of service relating to a defendant served within California, *Weil & Brown* states: "**Personal service:** The process server's declaration must show the time and place where the summons *and complaint* were delivered to defendant .…" (*Weil & Brown*, *supra*, ¶ 4:367, p. 4-62; cf. § 583.210 [time for service of summons and complaint; time for filing proof of service].)

> ### 4. *Application of Rules to The Face of This Record*

The proof of service for the summons was submitted on Judicial Council Form "982(a)(9) [Rev. January 1, 1984]". Item 1.a of the form states "I served the" and then sets forth boxes in front of "summons," "complaint," "amended summons," "amended complaint," "completed and blank Case Questionnaires," and "Other (specify)." The only box checked under item 1.a was for "summons." Under item 2 of the form (which addresses the manner of service), the box was checked for "**Personal service**. By personally delivering copies. (CCP 415.10)." The proof of service contained no

information that suggests the complaint was delivered. Therefore, we conclude that the face of the record demonstrates that the personal service required by section 415.10—that is, "personal delivery of a copy of the summons *and of the complaint*"—was not accomplished in this case.[8] As a result, the court did not obtain personal jurisdiction over Roberts.

Based on the foregoing, Roberts has established that he falls under the rule that "a default judgment entered against a defendant who was not served with a summons in the manner prescribed by statute is void. [Citation.]" (*Dill v. Berquist Construction Co.* (1994) 24 Cal.App.4th 1426, 1444.)

### 5. *Timing of Attack on Void Judgment*

Roberts's opening brief addresses the timing of his challenge to the void judgment by citing *Rochin*, where the court stated:

> "A judgment void on its face because rendered when the court lacked personal or subject matter jurisdiction … is subject to collateral attack at any time. [Citations.] An attack on a void judgment may also be direct, since a court has inherent power, apart from statute, to correct its records by vacating a judgment which is void on its face, for such a judgment is a nullity and may be ignored. [Citation.]" (*Rochin*, *supra*, 67 Cal.App.4th at p. 1239.)

The judgment creditor argues that Roberts's various motions "would be considered just too late to challenge *what appears to be a valid judgment and renewal*." (Italics added.) The judgment creditor does not address timeliness under the situation presented in this case—that is, an invalid judgment determined to be void on the face of the record. Given the absence of an argument to the contrary, we conclude that Roberts

---

**8** We note that, had the proof of service complied with the statutory standards, it would have created a rebuttable presumption that service was proper. (*Floveyor Internat., Ltd. v. Superior Court* (1997) 59 Cal.App.4th 789, 795.) In this case, there is no presumption for Roberts to rebut because the proof was service does not comply with section 415.10. Thus, Roberts was not required to present extrinsic evidence to establish the factual basis for his claims that service was defective.

has shown the principles quoted from *Rochin* for judgments that are void on the face of the record apply to this case. Pursuant to those principles, we conclude that Roberts is allowed to challenge the validity of the default judgment at any time. (See also, *Falahati v. Kondo*, *supra*, 127 Cal.App.4th at pp. 830, 831 [default judgment was void for two reasons; motion to set aside a judgment as void on its face is not subject to a claim of laches].)

II.     OTHER ISSUES

Based on the determination that the judgment was void on the face of the record, we need not reach the additional grounds presented by Roberts for challenging the default judgment, the renewal of judgment, or the writ of execution.

### DISPOSITION

The orders of the trial court are reversed and the trial court is directed to (1) vacate its orders denying Roberts's motion to vacate the renewal of judgment and Roberts's motion to set aside default and default judgment and (2) enter a new order granting the motions. Roberts shall recover his costs on appeal.

_____

FRANSON, J.

WE CONCUR:


_____

HILL, P.J.


_____

SMITH, J.

14.