[No. 14957.   Department Two. — August 10, 1893.

## J. J. DOWLING, RESPONDENT, v. MOSES COMERFORD ET AL., APPELLANTS.

SUMMONS — AMENDMENT OF SUMMONS AND COMPLAINT — REFERENCE TO COMPLAINT — AMBIGUITY. — Where an amended complaint is filed before the defendants are brought into court, and an amended summons is issued which refers to the complaint on file, and not in terms to the amended complaint, the amended summons is not misleading, nor is such reference uncertain or ambiguous. The amended complaint entirely takes the place of the former one, and becomes the complaint.

ID. — CONSTRUCTION OF CODE. — Section 432 of the Code of Civil Procedure, requiring an amended complaint to be served on the defendants affected thereby, has reference to amendments made after the parties have been brought into court, and does not require a mode of service of summons differing from other cases.

ID. — ORDER ALLOWING AMENDMENT — APPEAL FROM JUDGMENT — PRESUMPTION. — Where an appeal is taken on the judgment roll alone, an order allowing an amendment to the complaint or summons forms no part of the record, and its existence will be presumed in support of the judgment if it recites due service of summons and shows nothing inconsistent with the fact that such order was duly made.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.

· The facts are stated in the opinion.

*Sullivan & Sullivan,* for Appellants.

The court never acquired jurisdiction to enter default against Ann Comerford for failure to answer the amended complaint, as no amendment or copy of amended complaint was ever served on her. (Code Civ. Proc., sec. 432. See 1 Black on Judgments, sec. 223, and cases therein cited.)

*Parker & Eells,* for Respondent.

As the judgment recites due service of process, this court will presume that the trial court made an order allowing the amendment to the complaint and summons. (*Sichler* v. *Look,* 93 Cal. 606.) The reference in the amended summons to the "complaint" referred to the amended complaint, as the amended pleading superseded the original. (*Mudge* v. *Steinhart,* 78 Cal. 40.)

TEMPLE, C.—This action was brought to foreclose a street assessment, and the appeal is taken by Moses and Ann Comerford, against whom judgment was entered upon default, from the judgment upon the judgment roll.

April 10, 1890, an amended complaint was filed and an amended summons issued. The amended summons required defendants to appear and answer "the complaint filed therein, or judgment by default will be entered against you according to the prayer of the complaint," and they were notified "that if you fail to appear and answer the said complaint as above required, the said plaintiff will apply to the court for the relief therein demanded." It also contained a full and correct statement of the relief demanded in the complaint.

It is contended that summons must be issued " on " the original complaint, and if the complaint be amended, a copy of the amendment must be served on all defendants affected thereby. Sections 405, 416, and 432 of the Code of Civil Procedure are relied upon to support this proposition. Section 405 provides simply that an action is commenced by filing a complaint; section 416, that summons may be served by delivering to defendant a copy of the summons and a copy of the complaint, except in certain specified cases; and section 432, that if the complaint be amended the court may require it to be filed as amended,

and that a copy of the amendments or amended complaint must be served on the defendants affected thereby. This last requirement is evidently the chief reliance for this contention. It, however, has reference to amendments made after the parties have been brought into court, and it does not follow that, if amendments had been made before all the parties had been served, that the summons might not, nevertheless, be served as in other cases. New parties might be brought in, and, in such case, I see no reason why summons might not be served on the new defendants in the same mode as would have sufficed had they been made parties originally. Section 432 was not designed for such a case, and does not require a mode of service differing from other cases.

The summons refers to the complaint on file and not in terms to the amended complaint. I think this the proper mode even when the complaint has been amended, although it would have been sufficient had the reference been in terms to the amended complaint. In neither case would there have been anything misleading. When an amended pleading is filed which entirely takes the place of the former one, it becomes the complaint, answer, or demurrer, as the case may be, and such a reference is not at all uncertain or ambiguous.

It does not appear that there was any order allowing the complaint or summons to be amended and authorizing the service of the amended complaint instead of the original. But the appeal is upon the judgment roll alone and the respondent could not furnish such order if it existed. Its existence will therefore be presumed in support of the judgment, which recites due service and shows nothing inconsistent with the fact that such order was duly made. (*Sichler* v. *Look*, 93 Cal. 606.)

I recommend that the judgment be affirmed.

SEARLS, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion, the judgment is affirmed.

McFARLAND, J., DE HAVEN, J., FITZGERALD, J.