[Civ. No. 15842. First Dist., Div. One. May 11, 1954.]

EUNICE KOEPER, Respondent, v. HELMUTH K. KOEPER, Appellant.

Frank V. Kington for Appellant.

O'Keefe & O'Keefe for Respondent.

McMURRAY, J. pro tem.*—Defendant appeals from an order denying his motion to vacate a default judgment and to grant him leave to answer plaintiff's complaint.

Respondent filed a complaint for divorce on October 2, 1951, and summons thereon was issued the same day. On January 21, 1952, respondent filed a pleading entitled "Supplemental Complaint for Divorce" which contained all of the allegations necessary to an original complaint for divorce, but, in addition, alleged the filing of the original complaint on October 2, 1951, and that since that filing an unsuccessful reconciliation had been attempted by the parties. A summons was issued on the same day this so-called "Supplemental Complaint" was filed. This summons was returned on February 20, 1952, showing service thereof, together with a copy of the "Supplemental Complaint" upon appellant on January 22, 1952.

*Assigned by Chairman of Judicial Council.

The appellant defaulted, and on March 6, 1952, an interlocutory decree of divorce was entered, based upon such default. The decree provided for the payment of support and maintenance for respondent and for the minor children of the parties.

More than six months later, on September 24, 1952, appellant filed an affidavit to vacate the default, together with points and authorities. This affidavit is based upon the fact that the service upon appellant of the summons issued upon the so-called "Supplemental Complaint" was not sufficient to bring the appellant within the jurisdiction of the court.

Appellant contends that the summons issued at the time of the filing of the original complaint on October 2, 1951, is the only valid summons in this matter (that summons, incidentally, was not filed until April 29, 1953, and then with a return showing that the sheriff was unable to locate defendant), and that by serving the so-called "Summons on Supplemental Complaint" the court acquired no jurisdiction under the applicable code sections.

The appeal is not well taken. Under the authority of *Randall* v. *Randall*, 203 Cal. 462 [264 P. 751], the so-called "Supplemental Complaint" is considered as a substituted pleading, complete in itself, and the service of the "Summons on Supplemental Complaint" gave appellant notice of the necessary facts required by the provisions of section 407 of the Code of Civil Procedure.

As early as 1893 the Supreme Court of this state in an analogous set of facts, in *Dowling* v. *Comerford*, 99 Cal. 204 [33 P. 853], said, at page 206: "The summons [an "amended summons"] refers to the complaint on file and not in terms to the amended complaint. I think this the proper mode even when the complaint has been amended, although it would have been sufficient had the reference been in terms to the amended complaint. In neither case would there have been anything misleading. When an amended pleading is filed which entirely takes the place of the former one, it becomes the complaint, answer, or demurrer, as the case may be, and such a reference is not at all uncertain or ambiguous."

This language can as well apply to a "Supplemental Complaint" and a "Summons on Supplemental Complaint," as it does to an amended complaint and an amended summons.

The order appealed from is affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.