[Civ. No. 45843. Second Dist., Div. Two. Mar. 23, 1976.]

PAUL GILLETTE, Plaintiff and Appellant, v.
BURBANK COMMUNITY HOSPITAL et al.,
Defendants and Respondents.

COUNSEL

Robert M. Keese for Plaintiff and Appellant.

Early, Maslach, Boyd & Leavey, Maryann M. Seltzer, Gibson, Dunn & Crutcher, G. Edward Fitzgerald, Martin C. Washton, Hillsinger & Costanzo, Scott A. Martin, Bonne, Jones & Bridges, Michael R. Bongiorno, Jacobs, Jacobs & Witmer and Paul B. Witmer, Jr., for Defendants and Respondents.

OPINION

FLEMING, J.— ■ On 24 May 1971 plaintiff filed a complaint for medical malpractice against Saint Joseph Medical Center, Burbank Community Hospital, Drs. Frederick Amerongen, Joan Marie King, Charles King, Donald Springer, and Phillip Davis. The superior court clerk issued summons on 24 May 1971, but the summons was not served on any of the defendants at that time. Not quite three years later on 21 May 1974 plaintiff through a different attorney filed a "first amended complaint" identical in text with his original complaint except for its title and the name of plaintiff's new attorney. Copies of the original summons and the "first amended complaint" were then served on all defendants, and proof of service of summons was filed with the court on 23 May 1974, the last day of the three-year period for return of service of summons. Some defendants filed answers to the first amended complaint, but others did not. Thereafter, the court quashed service of summons on all defendants and dismissed the action, on the theory that an amended summons should have been requested and served, and that plaintiff's failure to do this amounted to a failure to serve and return summons on the complaint within the three-year period of the statute. (Code Civ. Proc., § 581a, subd. (a).) Plaintiff appeals the judgment of dismissal.

The sole issue involved is the nature of the summons that should have been served. Code of Civil Procedure section 412.10, provides that on plaintiff's request the clerk shall issue one or more summons for any defendant. Section 412.20 specifies the formalities for a summons, requiring that it be directed to the defendant, signed by the clerk, issued under the seal of the court, and contain the title of the court, names of the parties, direction to the defendant to respond to the complaint within 30 days, and notice that if he does not respond his default will be entered.

Plaintiff's summons met all requirements of section 412.20. It was completed on a form approved by the Judicial Council; it contained the name of the court, the names of the parties, the number of the case, the requisite notices; and it was signed and sealed by the clerk. Nevertheless, defendants urge that the service of summons was invalid because the summons was not an "amended summons" issued by the clerk on the filing of the "first amended complaint."

1. *General Discussion of Amended Summons.* The Judicial Council comment to section 412.10 states: "[I]f the complaint is amended before any service, an amended summons that refers to the amended complaint *should* be issued and served with a copy of the amended complaint. [Citations] [I]f an amendment adds a new party defendant, an amended or new summons naming that party as a defendant *must* be issued and served upon the new defendant, since no jurisdiction would be obtained by serving *him* with a copy of the summons that does not name him. [Citations]" (Italics added.) On its face the comment suggests that service of an amended summons is discretionary in the instance of amended pleadings involving original parties defendant but mandatory in the instance of amended pleadings adding new parties defendant. Defendants cite no statute or case law that imposes a requirement that an amended summons be issued on the filing of an amended complaint involving only original parties defendant. Code of Civil Procedure section 581a speaks of dismissal of an action for failure to serve the "summons on the complaint" within three years but does not address the situation of amended summons or amended complaint. *Dowling* v. *Comerford*, 99 Cal. 204 [33 P. 853], holds that *if* an amended summons is issued on an amended complaint, it may properly be served on new defendants. *W. H. Marston Co.* v. *Kochritz*, 80 Cal.App. 352 [251 P. 959], holds that when the original summons has been returned and filed, the clerk of the court has the power and the duty to issue an amended summons on the filing of an amended complaint which names a new party defendant. The opinion states in dictum, "If any defendants have not appeared, a summons must be issued upon the amended complaint and served upon such defendants." The implication of the opinion is that an amended summons is required when new parties defendant have been added.

2. *No New Parties.* In the absence of new and different parties named in an amended complaint defendants offer no logical reason why a new summons must issue on an amended complaint. No one claims to have been misled by the summons served here. (*Hershenson* v. *Hershenson*, 205 Cal.App.2d 382, 385 [23 Cal.Rptr. 185].) Except for the name of counsel and the title of the document the "first amended complaint" served with the summons was identical to the complaint filed on the day the clerk issued the summons. An amended summons would have been identical to the original summons except for its date in 1974 instead of 1971, but there is no requirement that the summons be dated at all. (*Hibernia etc. Society* v. *Churchill*, 128 Cal. 633, 635 [61 P. 278].) The

only relevant date is the date of service, which has nothing to do with the date of issuance of the summons.

3. *No New Complaint.* A second factor likewise sustains the validity of the service of summons in this case. The document served, although entitled "first amended complaint," was identical to the original complaint and hence may be properly viewed as the original complaint, even though it bore a different title and named a different attorney as counsel for plaintiff. The title of a legal pleading is of less importance than the substance of the message it conveys. If we view the "first amended complaint" as in fact the original complaint (which it is), the specious nominalism of defendants' arguments becomes apparent, and the irrationality of quashing summons and dismissing the action on the jurisdictional grounds advanced is made manifest. Substance controls form, even in procedure. On a somewhat comparable point the court in *Dowling* v. *Comerford,* 99 Cal. 204 [33 P. 853], upheld the validity of the service of an amended summons that directed defendants to answer "the complaint" instead of directing them to answer the "amended complaint" that had been filed and served on them.

In upholding the validity of the service of summons we pass no judgment on the propriety of the mode of service or the diligence shown in the prosecution of the action. Defendants may have valid grounds for dismissal of the action on these points. We hold only that plaintiff complied with the letter and logic of Code of Civil Procedure section 581a, subdivision (a), which requires service and return of summons on the complaint within three years of the commencement of the action.

The judgment of dismissal is reversed.

Roth, P. J., and Compton, J., concurred.