[No. H004639. Sixth Dist. Nov. 21, 1989.]

ALFRED J. DAVIS, Plaintiff and Appellant, v.
ALLSTATE INSURANCE COMPANY, Defendant and Respondent.

**COUNSEL**

Bostwick & Rowe and Jeffrey D. Janoff for Plaintiff and Appellant.

Crosby, Heafey, Roach & May, James C. Martin, Kathy M. Banke and Camden Collins for Defendant and Respondent.

**OPINION**

**AGLIANO, P. J.**—Plaintiff Alfred J. Davis appeals from the superior court's order quashing service and the ensuing judgment dismissing plaintiff's action against defendant Allstate for failure to serve summons and

complaint within three years of the commencement of the action. (Code Civ. Proc.,[1] § 583.210.) We will reverse the order and judgment for the reasons stated below.

## Background

Numerous property owners including plaintiff Davis filed suit on February 28, 1985, against nine insurance companies for losses arising out of the March 1983 flooding in Alviso in Santa Clara County. Plaintiff Davis alleged his residence was insured by defendant Allstate. Before any answer or demurrer all plaintiffs filed a first amended complaint on March 6, 1985. They filed a second amended complaint on March 12, 1985. The second amended complaint contained causes of action for breach of the duty of good faith and fair dealing, breach of fiduciary duty, breach of statutory duties (Ins. Code, § 790.03, subd. (h)), and breach of contract. On June 29, 1987, one of the defendants, Progressive Casualty Company, demurred to the second amended complaint, asserting as to plaintiffs Ciampi, its alleged insureds, that the complaint did not state a cause of action. The trial court sustained Progressive's demurrer, without leave to amend as to the breach of fiduciary duty cause of action, and with leave to amend as to the remaining causes of action. Plaintiffs, including Davis, filed a third amended complaint against all defendants on August 13, 1987.

On February 24, 1988, several days before the three-year limitation period for service of summons and complaint was to expire, Davis effected service on his alleged insurer Allstate, however inadvertently delivering it a copy of the superseded second rather than the third amended complaint. Allstate moved to quash service of summons and complaint and to dismiss the action, urging that Davis had failed to serve Allstate with the operative third amended complaint within three years of the commencement of the action as required by section 583.210. On discovering his error, Davis served Allstate with a copy of the third amended complaint around April 6, 1988 (after the three-year period had run). The trial court granted the motion to dismiss, reasoning that under section 583.250[2] it had no discretion to do otherwise. Plaintiff filed a motion to set aside the order of dismissal, seeking relief pursuant to section 473, based on excusable neglect or mistake. The motion for relief was denied.

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

[2] Section 583.250 provides: "(a) If service is not made in an action within the time prescribed in this article: [¶] (1) The action shall not be further prosecuted and no further proceedings shall be held in the action. [¶] (2) The action shall be dismissed by the court on its own motion or on motion of any person interested in the action, whether named as a party or not, after notice to the parties. [¶] (b) The requirements of this article are mandatory and are not subject to extension, excuse, or exception except as expressly provided by statute."

Plaintiff assigns as error the order granting Allstate's motion to dismiss, and the order denying his motion to set aside.

*Discussion*

■ The first issue and that which we determine to be dispositive is whether the service made on Allstate in this case constituted substantial compliance with the requirements of section 583.210. Where a reasonable attempt has been made to comply with a statute in good faith, and there was no attempt to mislead or conceal, the doctrine of substantial compliance holds that the statute may be deemed satisfied. (*Perry* v. *City of San Diego* (1947) 80 Cal.App.2d 166, 169 [181 P.2d 98].)

■ Section 583.210 requires that "the summons and complaint" be served on a defendant within three years of the commencement of the action against that defendant. The policy of the dismissal statutes is to promote trial of cases before evidence is lost and memories dim and to protect defendants from being subjected to the annoyance of unmeritorious actions that remain undecided for indefinite periods of time. (17 Cal. Law Revision Com. Rep. (June 1983) pp. 905, 910.) The specific purpose behind section 583.210 is to assure that defendant receives prompt notice of the action. (*Id.* at p. 912.) ■ We first compare the second and the third amended complaints to determine whether service of the second amended complaint provided Allstate with substantial notice of the pending action. Both pleadings are unverified. As noted above, the breach of fiduciary duty cause of action was deleted from the third amended complaint. The only other change occurred in the first cause of action for breach of the duty of good faith and fair dealing. Paragraph 20 in the second amended complaint read, "On or about March 1, 1983 plaintiffs suffered losses compensable under the terms of said contract of insurance in that said losses were due to the negligence of a third party." New paragraph 20 in the third amended complaint reads "On or about March 1, 1983, plaintiffs sustained severe water damage to their homes and property as a result of flooding in the alviso [*sic*] area. This flooding was caused at least in part by the City of San Jose, and others; failing to properly control the water level of Coyote Creek as well as the effect of the flooding once it began. Said loss was compensable under the terms of said contract of insurance in that said losses were due to the negligence of a third party." The other allegations in the third amended complaint relating to the parties on appeal remained precisely the same as in the second amended complaint served on defendant Allstate. As seen, the amendment to paragraph 20 merely added factual detail but did not change the substance of plaintiff's cause of action against defendant.

We are cited no case directly on point, but find two cases interpreting the predecessor to section 583.210, section 581a,[3] helpful to our analysis. In *Hershenson* v. *Hershenson* (1962) 205 Cal.App.2d 382, 383 [23 Cal.Rptr. 185], defendant husband in his wife's suit for separate maintenance complained that the copy of summons served on him was irregular, in that it contained no case number, no department of the court to which the case was assigned, no date, and no signature by the deputy county clerk who had issued it. The trial court granted husband's motion to quash service of summons. (*Id.* at p. 382.) The appellate court held that errors or omissions in conforming a copy of a summons to the original do not justify quashing service unless the party served has been misled or his substantial rights affected. (*Id.* at p. 385.) The court reasoned that the data omitted from the summons was routine information, and that the mere irregularities did not in any way mislead defendant or affect his substantial rights. (*Ibid.*) The order quashing service was reversed. (*Id.* at p. 386.)

In *Gillette* v. *Burbank Community Hosp.* (1976) 56 Cal.App.3d 430, 432 [128 Cal.Rptr. 636], plaintiff filed a complaint for medical malpractice on May 24, 1971. Almost three years later in May 1974 plaintiff through another attorney filed a first amended complaint, which was identical to the complaint on file except for the title and the new attorney's name. (*Ibid.*) Copies of the original summons and the first amended complaint were then served on defendants. (*Ibid.*) The trial court quashed service of summons on all defendants and dismissed the action, because copies of an amended summons had not accompanied service of copies of the amended complaint. (*Ibid.*) Section 412.10, reasoned the court, only requires an amended summons when new parties defendant are added, and including an amended summons when the parties are the same is optional. (*Id.* at p. 433.) Here there were no new parties. (*Ibid.*) Also there was no new complaint; the first amended complaint was identical in its substance to the original complaint. (*Id.* at p. 434.) The Court of Appeal reversed and upheld the validity of the service, remarking that substance controls over form, even in procedure. (*Ibid.*)

We believe that *Hershenson* and *Gillette* illustrate that timely service of summons and complaint is not invalid because of defects in form which do not frustrate the statutory purpose.

---

[3] The pertinent part of section 581a, subdivision (a), provided: "No action heretofore or hereafter commenced by complaint shall be further prosecuted, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced, on its own motion, or on the motion of any party interested therein, whether named as a party or not, unless the summons on the complaint is served and return made within three years after the commencement of said action, except . . . ."

Here, service was timely fulfilling the statute's paramount goal of limiting delay. Due to clerical error, a copy of the second rather than the third amended complaint was served. Allstate, however, could not have been prejudiced or misled as to the claims it faced, particularly at this stage of the proceeding. We hold that under the facts of this case in which the allegations contained in the copy of the second, albeit superseded amended complaint, were essentially similar to the allegations contained in the third amended complaint, the service made provided Allstate with timely notice of the action and of substantially all of the plaintiff's factual contentions against it, thus satisfying the purposes of the statute.

Since we reverse the judgment of dismissal, we do not reach plaintiff's contention that denial of relief under section 473 was an abuse of discretion.

The order quashing service of summons and the judgment dismissing the action are reversed.

Premo, J., and Elia, J., concurred.