Filed 12/17/24  Avoyan v. City of San Francisco CA1/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| SILVA AVOYAN,<br>        Plaintiff and Appellant,<br>v.<br>CITY OF SAN FRANCISCO,<br>        Defendant and Respondent. | A168523<br><br>(City & County of San Francisco<br>Super. Ct. No. CGC-20-583544) |

Silva Avoyan (plaintiff) appeals from a judgment dismissing her complaint against the City of San Francisco (City) due to her failure to effectuate service within three years of commencement of the action.  (Code Civ. Proc., § 583.210; statutory references are to this code unless otherwise indicated.)  Plaintiff contends the judgment must be reversed because she substantially complied with her service obligations.  We affirm.

### BACKGROUND

On March 6, 2020, plaintiff filed a complaint against the City, seeking damages for personal injury pursuant to causes of action for premises liability and negligence.  Plaintiff alleged the City was liable for proximately causing injuries she suffered when she tripped and fell on a sidewalk.  The form complaint was prepared by K&L Associates (K&L), the same law firm representing plaintiff on appeal.

1

On August 28, 2020, the superior court issued an Order to Show Cause (OSC) why plaintiff's action should not be dismissed and sanctions imposed due to her failure to file proof of service of her complaint on the City and to either obtain an answer or enter default. Between October 2020 and February 2022, the court issued seven more OSCs, each time cancelling the prior OSC and setting a new date for plaintiff to appear and show cause. OSCs that were issued by the court in September 2021, November 2021, and February 2022, included a provision allowing appearance by telephone due to the ongoing Covid-19 pandemic. During the entire period, plaintiff did not file any document in her case, either to oppose the OSCs or otherwise to explain her inaction.

On July 19, 2022, the court held a hearing on the OSC that had been issued the previous February. The following day, July 20, the court issued an order dismissing the entire action without prejudice. (Citing §§ 583.410, 583.420, subd. (A)(1).) In its order, the court stated: "The court finds no good cause or substantial justification for failure to comply with the previous court orders. A less severe sanction would not be effective due to the history of lack of compliance." (Block print omitted.)

On July 25, 2022, a process server signed a proof of service, which attested to serving the City with plaintiff's complaint and summons on July 22, i.e., two days *after* plaintiff's case was dismissed. The process server reported serving the documents by "substituted service" (boldface omitted), by leaving them with a person in charge of the City Attorney's office on Market Street and subsequently mailing the documents to that address. On August 12, a Deputy City Attorney sent an email to K&L, which stated that their office had been made aware of an attempted service by plaintiff, which was improper, invalid and an abuse of process because plaintiff's case had

2

been dismissed and there was no pending action. (Citing *Graf v. Gaslight* (1990) 225 Cal.App.3d 291, 297 (*Graf*), disapproved on other ground in *Watts v. Crawford* (1995) 10 Cal.4th 743, 758, fn. 13 (*Watts*).) K&L did not respond to the email.

On January 13, 2023, plaintiff filed a last-minute motion to set aside or vacate the dismissal based on K&L's mistake, inadvertence, surprise or excusable neglect. (See § 473, subd. (b) [application for relief from dismissal "shall be made within a reasonable time, in no case exceeding six months"].) In support of the motion, K&L represented that they made "numerous attempts to serve Defendant however, due to Covid-19 restrictions, each attempt had failed." Along with plaintiff's motion, K&L filed a proposed order describing the motion as "unopposed." K&L did not serve the City with plaintiff's motion papers. The proposed order was signed by the court and filed on February 8, 2023. The City was not served with the order.

In April 2023, K&L filed the proof of service that their process server had executed the previous year, attesting to service of the summons and complaint on the City by substituted service in July 2022. Thereafter, a case management conference was continued so plaintiff could obtain an answer to her complaint or a default against the City.

On June 1, 2023, K&L sent an email to opposing counsel, which stated that the court had granted plaintiff's motion "to set aside and vacate the dismissal," and inquired whether the City planned to file an answer. The City's counsel responded that they had not been served with notice of the motion or the order granting it. In reply, K&L claimed that service on the City was not required, and stated that if the City did not file an answer by June 15, K&L would move for entry of default.

3

On June 14, 2023, the City filed a motion to dismiss plaintiff's action for failure to serve a summons and complaint within the three-year statutory deadline. (§§ 583.210, 583.250.) The motion included requests to quash the July 2022 service of summons and complaint and strike the proof of service from the court file on the ground that the case had already been dismissed when the process server purportedly served the City.

On July 14, 2023, the court dismissed plaintiff's case and quashed service of her summons pursuant to the City's motion. In its order, the court made the following findings: the July 2022 dismissal of plaintiff's case was due to her failure to comply with court orders; after her case was dismissed, plaintiff served the City by "purported" substitute service; plaintiff's service was improper because documents were not served on the correct person; plaintiff's service was void because her case had already been dismissed. As service had not been accomplished within the three-year statutory period set forth in section 583.210, dismissal was required, the court concluded.

## DISCUSSION

"Section 583.210 requires that the summons and complaint be served on the defendant within three years of the filing of the complaint." (*Shipley v. Sugita* (1996) 50 Cal.App.4th 320, 324.) "The three-year service requirement is 'mandatory' and is 'not subject to extension, excuse, or exception except as expressly provided by statute.'" (*State ex rel. Edelweiss Fund, LLC v. JP Morgan Chase & Co.* (2020) 58 Cal.App.5th 1113, 1120, quoting § 583.250, subd. (b).) In the instant case, plaintiff does not invoke any statutory exception to the three-year service requirement. Instead, she argues that she satisfied section 583.210 because the City was served with process on July 22, 2022, which was within three years of the date her complaint was filed. We reject this argument.

4

"Only a valid service complies with the requirement of section 583.210 that the summons and complaint be served within three years." (*Dill v. Berquist Construction Co.* (1994) 24 Cal.App.4th 1426, 1433.) Thus, as happened here, a defendant may obtain a dismissal under section 583.210 by making a successful motion to quash service of process. (*Ibid.*) In reviewing an order quashing service, we accept the trial court's factual determinations if supported by substantial evidence. (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 449.) Issues of law relating to the court's jurisdiction over the parties or subject matter we review de novo. (*Ibid.*; see e.g. *Great-West Life Assurance Co. v. Guarantee Co. of North America* (1988) 205 Cal.App.3d 199, 204.)

In the present case, one undisputed fact is dispositive: When the process server attempted to serve the City on July 22, 2022, plaintiff's case had already been dismissed. "A dismissal terminates an action. [Citations.] The dismissal of an entire action deprives the court of subject matter jurisdiction of the matter, as well as of personal jurisdiction over the parties." (*Estate of Garrett* (2008) 159 Cal.App.4th 831, 838; *Hagan Engineering, Inc. v. Mills* (2003) 115 Cal.App.4th 1004, 1007–1008 (*Hagan*).) And " 'without an action pending, there can be no "party" to an action.' " (*Garrett*, at p. 838.) Thus, the purported service of the City in July 2022 was invalid. (See *Graf, supra*, 225 Cal.App.3d at p. 297 [service on defendants during six-month period between dismissal and setting aside of dismissal "would have been a legal impossibility and conceivably could have exposed appellant to an action by respondents for abuse of process"].)

The trial court may have been authorized by statute to vacate the dismissal on the ground of K&L's allegedly excusable mistake and neglect. (*Hagan, supra*, 115 Cal.App.4th at p. 1009.) However, after the court granted

5

plaintiff relief under section 473, and the action was reinstated, K&L did not serve the City with process or, indeed, even attempt to do so. Thus, the three-year deadline expired on March 6, 2023, and the case was properly dismissed thereafter. (§ 583.210.)[1]

As noted, there are statutory exceptions to the three-year service requirement. Section 583.240 provides for "the tolling of the three-year period under a number of specified circumstances." (*Watts*, *supra*, 10 Cal.4th at p. 745.) Plaintiff does not attempt to invoke any statutory tolling rule. Instead, she argues the July 2022 service should be deemed valid pursuant to the doctrine of substantial compliance, citing *Davis v. Allstate Ins. Co.* (1989) 217 Cal.App.3d 1229, 1232 (*Davis*). In that case, a plaintiff who intended to serve the defendant with his third amended complaint inadvertently re-served a second amended complaint, which contained a cause of action that had been dismissed pursuant to a demurrer. (*Id.* at p. 1231.) By the time the error was discovered and corrected, the three-year service period had expired, and the trial court ruled that it had no option but to dismiss the action under section 583.210. Reversing the judgment, the *Davis* court held that "timely service of summons and complaint is not invalid because of defects in form which do not frustrate the statutory purpose." (*Id.* at p. 1233.) As support for its conclusion, the court invoked the doctrine of substantial compliance, which provides that a statute may be "deemed satisfied" when "a reasonable attempt has been made to comply with a statute in good faith, and there was no attempt to mislead or conceal." (*Id.* at p. 1232.)

---

[1] In light of the dispositive fact that service was not even attempted while an action was pending, we do not reach plaintiff's contention that the trial court erred by finding that K&L's process server served the wrong person, nor the City's argument in the alternative that plaintiff's motion to set aside the dismissal was defective.

Unlike the "clerical error" in *Davis*, *supra*, 217 Cal.App.3d at p. 1234, in this case plaintiff's purported service was void because there was no action pending when the process server attempted to serve the City by substitute service. Plaintiff cites no authority for invoking substantial compliance to cure a jurisdictional defect of this nature. (See *Smith v. Board of Supervisors* (1989) 216 Cal.App.3d 862, 875 ["doctrine of substantial compliance excuses technical imperfections only after the statutory objective has been achieved"].) Regardless, plaintiff's substantive argument is seriously flawed. She posits that the July 2022 service should be deemed effective because it put the City on notice of her claims. But this attempt at service put the City on notice only of a complaint against it that had been filed *and dismissed*, which would not have put the City on notice that it needed to defend itself against plaintiff's allegations. In any event, "notice does not substitute for proper service. Until statutory requirements are satisfied, the court lacks jurisdiction over a defendant." (*Ruttenberg v. Ruttenberg* (1997) 53 Cal.App.4th 801, 808.) "[I]n California, '. . . the original service of process, which confers jurisdiction, must conform to statutory requirements or all that follows is void.'" (*Id.* at p. 809, quoting *Honda Motor Co. v. Superior Court* (1992) 10 Cal.App.4th 1043, 1048.)

Moreover, the substantial compliance doctrine requires a showing that a reasonable attempt was made to comply with a statute in good faith. (*Davis*, *supra*, 217 Cal.App.3d at p. 1232.) Plaintiff fails to make that showing here. The initial dismissal of her case resulted from her failure to comply with multiple court orders over a protracted period; then she attempted to serve the City by substituted service when no action was pending; and then she waited months before obtaining relief from that original dismissal based on representations that were questionable at best.

7

Even affording plaintiff the benefit of the doubt (see *Austin v. Los Angeles Unified School Dist.* (2016) 244 Cal.App.4th 918, 929 [" ' "any doubts in applying section 473 must be resolved in favor of the party seeking relief from default" ' "]), we cannot conclude that K&L acted reasonably or in good faith.

Conduct constituting fraud and deceit is defined in this state to include: "The suggestion, as a fact, of that which is not true, by one who does not believe it to be true" (Civ. Code, § 1710, subd. (1)); and "[t]he assertion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true" (*id*. at subd. (2)). K&L's conduct appears to fall within both definitions. They obtained an order vacating the original dismissal of plaintiff's case pursuant to an express representation that the motion to reinstate plaintiff's case was unopposed. When K&L made that representation, they knew the City objected to the July 2022 attempted service as an abuse of process. They also knew that the City did not have notice of, and had *not* agreed not to oppose, plaintiff's motion to vacate the dismissal, since K&L neither responded to the Deputy City Attorney's August 12 email nor served the City with their motion or proposed order. After obtaining relief from the dismissal, they then waited several more months, until after another OSC had issued, before they notified the City that the case had been reinstated, threatening to obtain a default.

K&L offers no reasonable justification for mischaracterizing plaintiff's motion to vacate the dismissal of her action as unopposed. In appellant's opening brief, K&L claimed only that the superior court did not "require" plaintiff to serve the City, which is misleading in that we find no indication plaintiff raised with the superior court the issue of the City's involvement, other than by claiming falsely that her motion was unopposed. In appellant's reply brief and at oral argument, K&L relied on provisions of the Code of

8

Civil Procedure that do not require service of motions on parties who have not appeared. K&L persistently ignores that the City did not appear in this action because it had not been served with process, and that the motion at issue here sought to vacate a dismissal of plaintiff's case that had been entered precisely because the City had not been served with process. (See *McDonald v. Severy* (1936) 6 Cal.2d 629, 630–631 [statute dispensing with requirement to serve notice papers where the defendant has not appeared does not apply to a motion to vacate a dismissal].) Regardless, the misconduct by K&L was not it's questionable construction of statutory service requirements, but its representation to the superior court that plaintiff's motion was unopposed when it knew otherwise.

Another circumstance troubles us. An appellant's appendix must contain items from the superior court file that are necessary for proper consideration of issues, including items appellant should reasonably assume the respondent will rely on. (Cal. Rules of Court, rule 8.124(b)(1)(B).) Here, the appellant's appendix prepared by K&L omits multiple material documents, including all of the OSCs that led to the initial dismissal of plaintiff's case, the order reinstating the case pursuant to an allegedly unopposed motion, and the subsequent OSC that was pending when the case was dismissed for the second time. These deficiencies necessitated the filing of a respondent's appendix to set the record straight.

The City has not requested sanctions for what amounts to a frivolous appeal. (See *Estate of Kempton* (2023) 91 Cal.App.5th 189, 206 [appeal objectively frivolous when "appellant's arguments rest on negligible legal foundation"].) Nor do we wish to further delay things by issuing yet another order to show cause. However, we cannot ignore K&L's misleading conduct in the trial court, particularly in light of their decision to double-down by

9

pursuing this appeal based on an inadequate record.  Because we do not impose sanctions, referral to the State Bar is not mandatory.  (See Bus. & Prof. Code, § 6086.7.)  But we also have inherent judicial power to discipline attorneys.  (*People v. Poletti* (2015) 240 Cal.App.4th 1191, 1216, fn. 10.)  Accordingly, the clerk of this court is ordered to send a copy of this opinion to the California State Bar for consideration of discipline, and we hereby inform K&L of this referral.  (*Brown v. Wells Fargo Bank*, *NA* (2012) 204 Cal.App.4th 1353, 1357.)  We express no opinion on what discipline, if any, is to be imposed.  (*Ibid*.; *In re Marriage of Greenberg* (2011) 194 Cal.App.4th 1095, 1100.)

## DISPOSITION

The judgment is affirmed.  Costs are awarded to the City.


TUCHER, P.J.


WE CONCUR:

PETROU, J.
RODRÍGUEZ, J.


*Avoyan v. City of San Francisco* (A168523)