[S. F. No. 14685. In Bank.—June 28, 1933.]

CATHERINE C. CHRISTIE, Appellant, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

[S. F. No. 14641. In Bank.—June 28, 1933.]

CATHERINE S. CHRISTIE, Appellant, v. ALICE M. STAFFORD, Respondent.

Joseph A. Brown for Appellant.

Albert Picard for Respondents.

THE COURT.—The above-entitled matters are, first, a petition for writ of *certiorari*, and second, an appeal by plaintiff from a judgment of the Superior Court of San

Francisco. Both deal with the same controversy, which arose as follows: In a prior proceeding, Alice Stafford sued Catherine Christie and obtained judgment by default, in the sum of $1,020.98. Catherine Christie then brought an action in equity to set aside the judgment on the ground that summons was never served upon her, and in that action she was granted a temporary injunction against the enforcement of the said judgment by execution levied against her property. Upon the trial Judge Conlan gave judgment against the plaintiff, finding that she had been properly served, and that a meritorious case had existed in favor of Alice Stafford in the first suit. This judgment, entered November 12, 1931, dissolved the temporary injunction. To prevent the sale of her property under the execution previously levied, Catherine Christie obtained an order from Judge Conlan continuing in force the temporary injunction "until the further order" of the court. In January, 1932, Alice Stafford moved to set aside this order on the ground that it was beyond the jurisdiction of the court, and on June 3, 1932, Judge Cabaniss granted the motion. Thereupon Catherine Christie petitioned for a writ of *certiorari*, contending that Judge Cabaniss had no power to vacate Judge Conlan's order. Prior to this time, on January 15, 1932, she gave notice of appeal from the judgment. A writ of *certiorari* was granted and the matter heard in this court. Thereafter the briefs on appeal were filed and both matters are now before us for determination. ■ Since the decision on the appeal will finally adjudicate all the issues, it is unnecessary to give consideration to the propriety of the remedy of *certiorari*, although it may be observed that the statute is explicit in its provision that *certiorari* does not lie where an appeal is possible. (Code Civ. Proc., sec. 1068; *Stoddard* v. *Superior Court,* 108 Cal. 303 [41 Pac. 278]; *Hughson* v. *Superior Court,* 120 Cal. App. 658 [8 Pac. (2d) 227]; *Helbush* v. *Superior Court,* 99 Cal. App. 501 [278 Pac. 1062]; *Leach* v. *Superior Court,* 215 Cal. 531 [12 Pac. (2d) 1].)

■ On the appeal, we see no alternative but to affirm the judgment. The process server testified that he handed the summons to a lady, about sixty years of age, answering the general description of Mrs. Christie, as he saw her in the courtroom; that this lady had said she was Mrs. Christie

until handed the summons, and that thereafter she had denied it. He was positive in his statement that the woman could not have been young or middle aged. For the appellant, Mrs. Ruth Prince, niece of Mrs. Christie, who took care of her during a period of illness at this time, testified that the summons was handed to her (Mrs. Prince) in spite of her denial that she was Mrs. Christie. Mrs. Christie also testified that she was never served. Certain contradictions in the testimony of these last two parties as to the circumstances need not be elaborated upon, but they fully warranted the trial court in resolving the square conflict in the evidence against appellant. ▮ The presumption arising from the former judgment is, of course, in favor of the regularity of the service, and the burden is on the party attacking it. (See *Vail* v. *Jones*, 209 Cal. 251 [287 Pac. 99]; *Eichhoff* v. *Eichhoff*, 107 Cal. 42 [40 Pac. 24, 48 Am. St. Rep. 110].) On the merits as well the evidence was strongly conflicting, but there is ample in the record to justify the court's conclusion that Mrs. Christie was indebted to Mrs. Stafford in the amount recovered.

The writ of *certiorari* heretofore issued is discharged, and the judgment is affirmed.