[Civ. No. 15516.   First Dist., Div. Two.   June 30, 1953.]

JOHN P. DORAN, Appellant, v. ANDREW F. BURKE, Respondent.

John P. Doran in pro. per. for Appellant.

Andrew F. Burke, in pro. per., and Thomas P. O'Brien for Respondent.

McCOMB, J.*—From a judgment in favor of defendant after trial before the court without a jury in an action to recover damages for alleged malpractice, plaintiff appeals.†

The record before this court consists of: (1) the judgment

---

*Assigned by Chairman of Judicial Council.

†Although appellant's opening brief recites that the appeal is from: (a) the judgment; (b) an order consolidating causes for trial and (c) an order refusing to correct clerk's transcript; at the oral argument plaintiff specifically waived any appeal from either the order consolidating the causes for trial or the order refusing to correct the clerk's transcript.

roll; (2) a notice of trial of the action with affidavit of service thereof; (3) plaintiff's notice of appeal from the judgment; (4) plaintiff's request for an estimate of the cost of preparing a clerk's transcript, and (5) the court's certificate with respect to the transcript. It is therefore for all intents and purposes an appeal on the judgment roll alone.

Plaintiff relies for reversal of the judgment on this proposition: That the judgment is void for the reason that the record fails to show that either a memorandum to set the cause for trial was filed or that a motion for the same purpose was ever made.

This proposition is untenable for two reasons:

*First*: When an appeal is to be determined on the judgment roll alone, all intendments will be made in support of the judgment and all proceedings necessary to its validity will be presumed to have been regularly taken. (*Utz* v. *Aureguy*, 109 Cal.App.2d 803, 806 [2] [241 P.2d 639]; see, also, cases cited in 6 West's Cal.Dig. (1951) p. 317, Appeal & Error 907(3).) In the present case this rule is applicable for the reason that plaintiff has failed to furnish this court with a record which shows that the proper proceedings for setting the cause for trial were not taken. Hence, the presumption is that the case was duly and regularly set for trial. (Code Civ. Proc., § 1963(15); *cf. Spahn* v. *Spahn*, 70 Cal.App.2d 791, 800 [5-6] [162 P.2d 53].)

*Second*: The judgment recites, "The above entitled action came on *regularly* this day for trial." Recitals in a judgment are presumed to be true and correct unless contradicted by other parts of the record. (*Woods* v. *Hyde*, 64 Cal.App. 433, 436 [2] [222 P. 168].) In the instant case there is nothing in the record contradicting the recital in the judgment that the case came on *regularly* for trial. Hence, the foregoing rule is applicable and the judgment is not void on its face as contended by plaintiff.

There is no merit in plaintiff's suggestion that he was deprived of the right to a jury trial because the record discloses that after receiving notice of trial he failed to appear at the time and place of trial. Therefore, he waived his right to a jury trial. (Code Civ. Proc., § 631*.)

Affirmed.

Nourse, P. J., and Dooling, J., concurred.

---

*Section 631 of the Code of Civil Procedure reads in part as follows: "Trial by jury may be waived by the several parties to an issue of fact in manner following: 1. By failing to appear at the trial."